___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
MAR 16 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HUTCHINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRODUCERS PAYROLL, INC., a California Corporation, MORTON JANKEL ZANDER, INC., a California Corporation, and Doe 1 through and including Doe 10,<br><br>Defendants. | CASE NO.: CV07-05535 GHK (JTLx)<br><br>[PROPOSED] JUDGMENT OF DISMISSAL PURSUANT TO SETTLEMENT |

---

JUDGMENT OF DISMISSAL
L:\Library\Payroll\LAPD\Hutchins, Jim\Hutchins v. PPI\Pleadings\Final Settlement Approval\2009-3-16 Judgment (draft).DOC

1  WHEREAS, Plaintiff and Defendants have entered into a Settlement Agreement
2  and Release, a copy of which (without exhibits) is attached hereto as Exhibit A and
3  incorporated herein by this reference ("Agreement");
4  WHEREAS, on /2/12, 2008, upon review of the Agreement and
5  consideration of the motion seeking preliminary approval of the Agreement, the Court
6  issued an Order preliminarily approving the Agreement, and setting a hearing for a
7  motion seeking final approval of the Agreement;
8  WHEREAS, at a hearing on 3/16, 2009, the Court granted the motion for
9  final approval of the Agreement, finding the settlement to be fair, reasonable, and
10 adequate with respect to the Settlement Class;
11 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
12      1.   Unless otherwise stated, capitalized terms used in this Judgment shall have
13 the same meaning as defined in the Agreement.
14      2.   The terms of the settlement as set forth in the Agreement are finally
15 approved as being fair, reasonable, and adequate to the Settlement Class, and all
16 objections thereto are either invalid or overruled. The Court finally adopts the
17 definition of the Settlement Class.
18      3.   The parties shall consummate this settlement in accordance with all of the
19 terms and conditions set forth in the Agreement, including the payment to the
20 Settlement Class representative as set forth in the Agreement and the payment to
21 Plaintiff's counsel in the amount of $39,606, consistent with this Judgment, the
22 Order previously entered by the Court and the terms of the Agreement.
23      4.   The Action is dismissed with prejudice, with each party to bear its
24 respective fees and costs, except as set forth in the Agreement and this Judgment.
25      5.   All claims that are to be released under the terms of the Agreement are
26 hereby deemed to be released.
27      6.   This Judgment permanently bars and enjoins Plaintiff and all Settlement
28 Class members who have not timely requested exclusion from the Settlement Class

1 | from instituting or prosecuting, in any capacity, any action or proceeding that involves
2 | any of the claims that have been released pursuant to the Agreement.
3 |     7.    The Court shall retain continuing jurisdiction over all matters relating to
4 | the interpretation, consummation, and enforcement of this settlement, as well as
5 | continuing jurisdiction to resolve any disputes related thereto.

DATED: __3/16__, 2009

_____
UNITED STATES DISTRICT JUDGE

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

1. **PREFATORY STATEMENT**

This SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is made and entered into as of April __, 2008, by and between named Plaintiff James Hutchins ("Hutchins" or "Plaintiff"), individually and on behalf of the Settlement Class described below, by and through their counsel of record, Harris & Ruble; and Defendants Producers Payroll, Inc. ("PPI"), by and through its counsel of record, Loeb & Loeb LLP, and Morton Jankel Zander, Inc. ("MJZ"), by and through its counsel of record, Venable LLP. Hutchins, PPI, and MJZ are hereafter referred to individually as a "Party," and collectively as the "Parties." PPI and MJZ are hereafter referred to collectively as "Defendants."

2. **RECITALS**

   A. On or about August 23, 2007, a class action/collective action Complaint was filed against PPI and MJZ in the United States District Court for the Central District of California, bearing Case No. CV07-05535-GHK (JTLx) and entitled *James Hutchins v. Producers Payroll, Inc., Morton Jankel Zander, Inc., and Doe 1 through and including Doe 10* ("the Action"). The Action is currently pending before the Honorable George H. King, United States District Court Judge ("Court"). The Parties agree that the Court has jurisdiction to approve any settlement of the Action.

   B. The Action arose from Hutchins' employment on the production of a television commercial for General Motors Corporation in or about August 2006 (the "Commercial"). MJZ produced the Commercial. PPI provided payroll services to MJZ in connection with the production of the Commercial. In the Complaint, Hutchins alleges that Defendants did not pay his wages in accordance with applicable law. Hutchins contends that the alleged conduct of Defendants violated California Labor Code §§ 201.5 and 204, and seeks remedies under California Labor Code §§ 203, 1194, and 1194.2, California Business and Professions Code §§ 17200 et seq., and 29 U.S.C. § 216, and attorneys' fees, both individually and on behalf of all others similarly situated. Hutchins also asserts that remedies are available under California Labor Code § 2699. Defendants deny all of these contentions.

   C. As a result of proceedings in the Action and of extensive negotiations between Plaintiff's counsel and Defendants' counsel, and after a settlement conference held before the Magistrate Judge Jennifer T. Lum, which was attended by all parties, a settlement agreement, as hereinafter more fully described, has been reached. Plaintiff and his counsel

1


have concluded that the settlement of the litigation on the terms and conditions hereinafter set forth is fair, reasonable, adequate and in the best interests of the Settlement Class.

D. Defendants deny any and all liability to Plaintiff and to the Settlement Class as to any and all claims asserted or that might have been asserted in these proceedings. Defendants, however, consider it desirable that the Action be compromised, settled, and dismissed because this will eliminate the controversy between Defendants on the one hand, and Plaintiff and the Settlement Class on the other hand, and will avoid further expense, inconvenience, and distraction to Defendants.

3. DEFINITIONS

A. For the purposes of this Settlement Agreement, the "Settlement Class" shall be defined as all persons employed by MJZ in California on the Commercial, (1) who worked on the Commercial on or before August 15, 2006, and whose employment ended on or before August 15, 2006, and (2) who received a check for such work dated after August 26, 2006. Excluded from the definition of "Settlement Class" are all other persons, including those persons who worked on the Commercial on or before August 15, 2006, whose employment ended on or before August 15, 2006, and who received a check for such work dated after August 26, 2006, which was a replacement check for a check that was dated on or before August 26, 2006.

B. "Final Effective Settlement Date" means the date upon which the order of the Court granting final approval of the Settlement Agreement and the entry of judgment by the Court, substantially in the form of Exhibit 4 hereto, becomes final either by the time for appeal having elapsed without any appeal having been taken by any Party or by any member of the Settlement Class or on such date when, an appeal having been taken, such appeal is finally resolved by affirming the order granting final approval. In the event an appeal is taken by any member of the Settlement Class, this final effective date is to be calculated by including the time within which any person taking such appeal might petition the United States Supreme Court for a writ of certiorari.

C. The "Settlement Administrator" shall be PPI, or (if PPI is approved as Settlement Administrator by the Court) any affiliated person, or such other qualified and experienced claims administrator as may be agreed to between the Parties and appointed by the Court.

D. "Qualifying Class Member" means each Settlement Class member who timely submits a Proof of Claim Form, substantially in the form of Exhibit 3 hereto.

## 4. CERTIFICATION OF A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY.

The parties to this Settlement Agreement agree that, solely and exclusively for the purposes of effectuating this Settlement Agreement, the Settlement Class shall be certified.

Defendants do not waive and expressly reserve their right to challenge the validity of any and all claims asserted by members of the proposed Settlement Class and to object to any attempt to obtain certification of a plaintiffs' class or subclasses for any purpose should the Court not approve this Settlement Agreement, or should any condition precedent to the occurrence of the Final Effective Settlement date not occur or be satisfied.

## 5. SETTLEMENT PAYMENTS

For and in consideration of the mutual covenants contained herein, the Settlement Class and Defendants agree, subject to approval by the Court, as follows:

    A.    Defendants shall, subject to the conditions hereinafter set forth, pay the sum of $97,500.00, which shall be deposited in an account to be used to make distributions only to and for the benefit of Settlement Class members, subject to this Settlement Agreement.

    B.    The provision in the preceding paragraph that the moneys to be paid by Defendants shall be used to make distributions only "to and for the benefit" of Settlement Class members is intended to mean and shall be construed to mean that such moneys may be used for the purpose of paying such attorneys' fees as shall be specifically approved by order of the Court, payment of costs and fees associated with administration of the class if PPI is not approved as Settlement Administrator, any enhancement award approved by the Court, as well as being disbursed to members of the Settlement Class and to the State of California, as hereinafter provided.

    C.    It is expressly agreed and understood that the amount to be paid by Defendants set forth above represents the maximum monetary compensation that they will contribute to the settlement. Except as otherwise stated herein, Defendants shall not have any monetary obligation whatsoever toward the costs or attorneys' fees incurred by the Plaintiff or the Settlement Class. It is understood that, at the time of applying to the Court for final approval of the Settlement Agreement, Plaintiff's counsel intends to apply to the Court for an award of attorneys' fees and costs, and that any sum awarded to counsel by the Court will be a deduction from the moneys which would otherwise be distributed to the Settlement Class. It is further expressly agreed by the Parties that the amount, if any, to be awarded to Plaintiff's counsel shall be determined solely by the Court and that the Parties have not agreed upon nor will they agree upon any specific sum to be awarded. However,

3

Defendants will not object to Plaintiff's application for an award of attorneys fees in an amount not to exceed forty percent (40%) of the full Settlement amount, and Plaintiff's application for an enhancement award in an amount not to exceed three percent (3%) of the full Settlement amount.

  E. Within fifteen days after preliminary approval, Defendants shall pay the sum of $97,500 to a separate account maintained by or on behalf of the Settlement Administrator, to be held for future distribution in accordance with this Settlement Agreement.

  F. When and if the Court enters orders giving final approval to the settlement and determining the amount of attorneys' fees and costs to be awarded to Plaintiff's counsel, it shall be the duty of Plaintiff's counsel to serve forthwith a copy of such orders on counsel of record for Defendants.

  G. After the Final Effective Settlement Date, the Settlement Administrator shall calculate the amounts to be distributed from the settlement fund, as follows: (a) $6,000.00 to be paid to the State of California, pursuant to California Labor Code § 2699 (which amount is to be paid by check to Plaintiff's counsel for transmittal to the State of California); (b) the amount of attorneys' fees and costs awarded to Plaintiff's counsel by the Court (which amount is to be paid by check to Plaintiff's counsel); (c) a sum payable to Plaintiff as an incentive for acting as a "representative plaintiff," the amount of which will be disclosed in any motion seeking preliminary approval or final approval, and is subject to the approval of the Court (which amount is to be paid by check to Hutchins c/o Plaintiff's counsel); (d) costs incurred by the Settlement Administrator if the Court does not approve PPI and is subject to the approval of the Court (which amount is to be paid directly to the Settlement Administrator); and (e) after deduction of (a), (b), (c), and (d) as described in this subparagraph, pro rata payments of the remainder to Qualifying Class Members. All payments to Settlement Class members made hereunder shall be deemed to be payments pursuant to and in partial satisfaction of their claims under Section 203 of the California Labor Code, and Defendants will not be liable for payment of any federal, state and local taxes and penalties that may be due as a result of the payments referred to herein.

  H. The Settlement Administrator shall make the payments described in the foregoing subparagraph within 20 days after the Final Effective Settlement Date.

6. **COSTS OF ADMINISTRATION**

If the Court approves Defendant PPI as the Settlement Administrator, Defendants shall pay all fees and costs associated with the administration of this Settlement Agreement, including any fees of the Settlement Administrator, the cost and expense of disseminating the Class

Notice and the Proof of Claim Form, and any other costs incurred in administering this settlement. If the Court requires a third party to serve as Settlement Administrator, then the costs identified herein shall be paid from the settlement funds.

## 7. PRELIMINARY APPROVAL OF SETTLEMENT

Within twenty days following execution of this Settlement Agreement by the named Plaintiff on behalf of himself and the Settlement Class, by Plaintiff's counsel, and by Defendants and their counsel, the Parties shall cause to be filed with the Court a motion, to be prepared by Plaintiff's counsel and subject to the approval of Defendants' counsel, seeking preliminary approval of the Settlement Agreement by the Court, certification for settlement purposes only of the Settlement Class, approval of a form of notice to be sent to members of the Settlement Class, approval of a method of giving such notice, the appointment of a Settlement Administrator, and the setting of a date for hearing any objections to the proposed settlement and giving final approval to the settlement. Plaintiff's counsel will submit with such motion a proposed order for preliminary approval in the form of Exhibit 1 hereto. Defendants' counsel will not object if Plaintiff's counsel seeks to have such motion heard ex parte or on shortened time.

## 8. NOTICE TO SETTLEMENT CLASS AND RELATED MATTERS

A. The form of notice to be given to the Settlement Class ("Class Notice") and the Proof of Claim Form ("Claim Form"), substantially in the form of Exhibits 2 and 3 hereto, shall be approved by the Court as part of the order preliminarily approving the settlement. The proposed Class Notice to be presented to the Court shall advise each member of the Settlement Class of the pendency of the Action, the general nature of the claims asserted in the Action, the general terms of this Settlement Agreement, including the provision for the application of Plaintiff's counsel for fees and expenses, the effect of final approval of the settlement, if granted, in extinguishing the claims of all members of the Settlement Class who have not made a timely election to opt out, the right of each member of the Settlement Class to participate in the settlement by submitting the Claim Form, the right of each member of the Settlement Class to opt out of this settlement, the right of each member of the Settlement Class to object to the terms of the Settlement Agreement and the means by which any such objection may be asserted, and stating that each member of the Settlement Class who does not timely opt out will be bound by the release provisions in this Settlement Agreement.

B. The method of giving notice shall be determined by the Court and set forth in the order preliminarily approving the settlement. The Parties will jointly request the Court to order that the method to be utilized shall be by first class mail. The Class Notice shall be promptly disseminated by the Settlement Administrator to the members of the Settlement